JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br>**CHAN DARA, INC.**, a California corporation; <br>**BV&Y, INC.**, a California corporation doing business as Chan Dara Larchmont; <br>**PV&B, INC.**, a California corporation doing business as Chan Dara Pico; <br>**KITTIVECH BHASUWONGSE**, individually and as managing agent of the corporate defendants; and, <br>**BUZZ MASUMI FUKUTOMI**, individually and as managing agent of the corporate defendants, <br>　　　　　Defendants. | Case CV 12-02655- ODW (AGRx) <br><br><br><br>**CONSENT JUDGMENT** |

　　　Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Chan Dara, Inc., a California corporation, BV&Y, Inc., a California corporation, PV&B, Inc., a California corporation, Kittivech Bhasuwongse, and Buzz Masumi Fukutomi, ("Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

/ / /

A.      The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5).

B.      Defendants have appeared and timely answered the Secretary's Complaint.

C.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E.      Defendants understand and agree that failure to pay overtime to employees who work at the Chan Dara Thai restaurants, demanding or accepting any of the funds due employees under the FLSA or this Judgment, threatening any employee for accepting money due under the FLSA, this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal remedies, including punitive damages and civil contempt.

F.      Defendants have delivered to the Secretary's representatives at the U.S. Department of Labor, Wage and Hour Division, individual cashier's checks in the net amounts due to each employee to cover the backwages and liquidated damages hereby found due under this Judgment.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, and DECREED that the Defendants, their officers, agents, servants, successors and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5) in any of the following manners:

/ / /

1) Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, fail to pay any employee employed in an enterprise engaged in commerce, including any employee who works at any of the Chan Dara Thai restaurants, an overtime rate of time and one half the employee's regular rate for all hours worked over 40 hours in a workweek;

2) Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.  Nothing in this language imposes any requirements beyond those found in the FLSA recordkeeping provisions noted herein;

3) Defendants shall not, contrary to FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), discharge or otherwise discriminate against any employee for exercising any right protected by the FLSA; and it is further

4) ORDERED, ADJUDGED and DECREED that the amount of $46,842.61 is the balance hereby found to be due under the FLSA for unpaid overtime payments owed to the employees of Defendants listed on the attached Exhibit 1.  Exhibit 1 shows the name of each employee, the gross backwage amounts due under this Judgment to the employee and the period covered by this Consent Judgment; and it is further

5) ORDERED and ADJUDGED that the additional amount of $46,842.61 is hereby found due under the FLSA as liquidated damages due under FLSA Section 16(c), 29 U.S.C. § 216(c) for the employees listed on Exhibit 1 in the column named "Liquidated Damages Due."

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their re-

fusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and it is further

ORDERED, ADJUDGED and DECREED that

6) Defendants, individually or collectively, directly or through agents, employees, associates, friends or relatives, shall not in any way demand, require or accept any of the backwages or liquidated damages from any employee or from any friend, relative or associate of any employee. Defendants cannot threaten or imply that adverse action will be taken against any employee because of his receipt of funds due under this Judgment. Defendants understand and agree that demanding or accepting any of the funds required under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising his rights under the FLSA is specifically prohibited by this Judgment;

7) Defendants shall install a manual time clock in order to accurately record employee hours worked;

8) Wage and Hour representatives shall conduct a one hour training on FLSA compliance at each Chan Dara restaurant once each year, for the next five years. One training shall be scheduled to take place during the period of 3pm – 5 pm at one establishment, and the other training shall be scheduled to take place on a Saturday morning. Defendants shall make reasonable efforts to ensure that all employees attend one of the trainings including notifying all employees at least one week before of the training and notifying them that they will be paid for their time spent at the training. Time spent at the training by the employees will be treated as hours worked. The Defendants shall provide a copy of the letter attached as Exhibit 3 (after having inserted the applicable date and time of the training), containing the notification in Spanish, English and Thai, to all employees at least one week prior to the training;

/ / /

9) Defendants shall distribute the Notice to Employees ("Notice"), attached hereto as Exhibit 2, to all current and former employees, in the employee's native language. Defendants shall also post a copy of the Notice, in English, Spanish and Thai, immediately adjacent to the time clocks used to record employees' hours worked where it shall remain for a period of two years from date of entry of this Judgment. Defendants shall complete the distribution and posting of the Notice within 30 days of entry of this Judgment;

10) Within 120 days of entry of this Judgment, Defendant Kittivech Bhasunwongse shall participate in one roundtable discussion on FLSA compliance in the restaurant industry organized by the U.S. Department of Labor with the Thai Chamber of Commerce. The event will be arranged for a date that is reasonably agreeable to all parties; to facilitate the scheduling of this event, Bhasunwongse shall notify the Department of Labor of dates within the 120 day period on which she is unavailable. Defendant may address the attendees in her native language; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: January 16, 2012

_____
U.S. DISTRICT COURT JUDGE

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Exhibit 1

| Last Name | First Name | Period Covered | Gross Backwages Due | Liquidated Damages Due |
|---|---|---|---|---|
|  | Alejandro | 03/28/09 – 08/12/12 | $   42.00 | $   0 |
|  | Alex | 03/28/09 – 08/12/12 | 508.00 | 0 |
| Chompussorn | Jane | 03/28/09 – 08/12/12 | 245.00 | 0 |
| Cruz | Juan Pablo | 03/28/09 – 08/12/12 | 590.79 | 0 |
| Dubon | Silvio | 03/28/09 – 08/12/12 | 5,935.50 | 6,480.00 |
| Fabian | Severo | 03/28/09 – 08/12/12 | 602.00 | 1,386.00 |
|  | Julio | 03/28/09 – 08/12/12 | 3,312.00 | 0 |
| Kamon | Satidkit | 03/28/09 – 08/12/12 | 798.95 | 0 |
| Kumtong | Patrick | 03/28/09 – 08/12/12 | 13,818.00 | 6,777.87 |
| Martinez | Alfredo | 03/28/09 – 08/12/12 | 816.48 | 0 |
| Martinez | Antonio | 03/28/09 – 08/12/12 | 2,928.75 | 0 |
| Martinez | Isaias | 03/28/09 – 08/12/12 | 508.00 | 0 |
|  | Melvin | 03/28/09 – 08/12/12 | 4,160.00 | 0 |
| Nopmanee | Bonthammar | 03/28/09 – 08/12/12 | 745.00 | 0 |
|  | Pedro | 03/28/09 – 08/12/12 | 226.00 | 0 |
| Romero | Martin | 03/28/09 – 08/12/12 | 1,959.79 | 10,820.19 |
|  | Rutilo | 03/28/09 – 08/12/12 | 748.00 | 0 |
| Sanchez | Luis Alberto | 03/28/09 – 08/12/12 | 0 | 1,668.00 |
| Santiago | Ambrosio | 03/28/09 – 08/12/12 | 812.50 | 6,772.50 |
| Santiago | Eusebio | 03/28/09 – 08/12/12 | 5,668.25 | 6,135.75 |
| Santiago | Max | 03/28/09 – 08/12/12 | 1,638.09 | 0 |
| Santiago | Jose Luis | 03/28/09 – 08/12/12 | 68.00 | 0 |

| | | | | |
|---|---|---|---|---|
| Santos | Benjamin | 03/28/09 – 08/12/12 | 182.76 | 6,802.30 |
| Satidlit | Tanat | 03/28/09 – 08/12/12 | 528.75 | 0 |

Exhibit 2

# Notice to Employees of Chan Dara

**OVERTIME AND THE DEPARTMENT OF LABOR**

You must be paid overtime, at time and a half, whenever you work over 40 hours. If you work in two restaurants in the same workweek, the hours from both must be combined; you are due overtime if the combined hours are more than 40. Further, your timecards must show all hours that you work and you must be paid at least $8.00 per hour for all hours you work.

Chan Dara has settled a lawsuit that was filed by the U.S. Department of Labor. Under this settlement, Chan Dara must pay overtime to all employees when they work over 40 hours in a workweek. If Chan Dara fails to pay overtime when it is due, it will violate the settlement and the Court's order.

As part of this settlement, Chan Dara has agreed to pay unpaid backwages owed to some employees. The Department of Labor will distribute these checks to the employees who are owed money. Chan Dara cannot ask for this money back, and no employee must return this money back.

Chan Dara wants all their employees to know that it is committed to ensuring that all employees are paid overtime when it is due and in fully complying with all laws enforced by the Department of Labor. If Chan Dara fails to pay overtime, or if anybody associated with Chan Dara tells employees to return their wages to the restaurant, please call the U.S. Department of Labor at (213) 894-6375. Your name will not be disclosed.

Exhibit 3

Dear Employee:

The Department of Labor has scheduled a training to explain the proper payment of wages. Chan Dara believes that it is important that you understand the requirements of the laws about payment of wages. To that end, Chan Dara encourages you to attend the training to be held on (date) and Chan Dara will pay you for the one hour of time you spend at the training you attend.